UNITED STATES, Appellee

v

RICHARD E. BROWN, Private, U. S.
Marine Corps, Appellant

19 USCMA 591, 42 CMR 193

No. 22,867

July 31, 1970

*Lieutenant James S. Bailey*, JAGC, USNR, was on the pleadings for Appellant, Accused.

*Lieutenant Colonel Charles J. Keever*, USMC, was on the pleadings for Appellee, United States.

## Opinion of the Court

DARDEN, Judge:

On March 15, 1969, while a prisoner in segregated confinement at the Camp Butler Brig, Camp McTureous, Okinawa, the appellant caused Private First Class Crespin, a brig guard, to open his cell door. He then seized the guard and forced him to unlock the cell door of another prisoner—a broken coffee cup handle being held at the guard's throat. Cell keys were then obtained from another guard, who relinquished the keys after the appellant threatened to harm Crespin. Crespin was then taken into a cell and tied to a chair. Brown threatened his captive with bodily harm if he did not get to see the Commanding General of Fleet Marine Force Pacific. The appellant later was charged with mutiny in that he "with intent to override lawful military authority, did, . . . create violence by overpowering and threatening the life of Private First Class C. W. CRESPIN, U. S. Marine Corps, a brig guard who was then in the performance of his duties."

This Court has previously held that Article 94, Uniform Code of Military Justice, 10 USC § 894, embraces two forms of mutiny. In United States v Duggan, 4 USCMA 396, 398, 15 CMR 396 (1954), the Court said:

". . . First, if the necessary intent to override military authority and concerted action are present, it may be committed by refusal to obey orders from a proper authority. Second, it may be committed by a person, with a similar intent, acting either alone or in concert with others, creating a violence or disturbance." [See also United States v Woolbright, 12 USCMA 450, 31 CMR 36 (1961).]

Without reexamining the issue of whether a mutiny can be perpetrated by one man, we hold that the action of the appellant in this case does not consti-

tute an overriding usurpation of authority within the meaning of Article 94, Code, supra. As Colonel William Winthrop stated it in Military Law and Precedents, 2d ed, 1920 Reprint, page 578:

> "Mutiny has been variously described but in general not in such terms as fully to distinguish it from some other military crimes, the characterizing *intent* not being sufficiently recognized. It may, it is believed, properly be defined as consisting in an unlawful opposition or resistance to, or defiance of superior military authority, with a deliberate purpose to usurp, subvert, or override the same, or to eject with authority from office.

> "It is this intent which distinguishes it from the other offences with which, to the embarrassment of the student, it has often been confused both in treatises and General Orders."

Accordingly, we hold the evidence in this case legally insufficient to sustain the finding of guilty under this charge and specification. The finding of guilty as to Charge III and the specification thereunder is, therefore, set aside and dismissed. The record of trial is returned to the Judge Advocate General of the Navy for submission to the Court of Military Review for reassessment of the sentence.

Chief Judge QUINN and Judge FERGUSON concur.